IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Johnny Hunter Jr.,
        Plaintiff,

v.

        Case No.

Equifax Consumer Services, LLC,
        Defendant.
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, by and through counsel, and for his Complaint against Defendant, Equifax Consumer Services, LLC, respectfully alleges as follows:

### I. INTRODUCTION

1. Plaintiff, Johnny Hunter Jr., a Florida resident, brings this action under Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") against Defendant, Equifax Consumer Services Llc ("Equifax"), for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. which prohibits consumer reporting agencies from failing to provide consumer disclosures upon request and makes them liable under 15 U.S.C. § 1681(n) and 1681(o).

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.
3. The Plaintiff is a natural person and legal resident of Palmetto, FL.
4. Defendant conducts business in the state of Florida; therefore, personal jurisdiction is established.

5. Venue is proper before this court pursuant to 28 U.S.C. § 1391(b) as Defendant conducts business in this district, communications, and a substantial part of the events or omissions giving rise to the claims herein occurred in Palmetto, FL.

### III.  PARTIES

6. Plaintiff, Johnny Hunter Jr., is a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff is a natural person who resides in the State of Florida.

7. Defendant Equifax is a "consumer reporting agency" defined by 15 U.S.C. § 1681a(f).

8. Equifax Consumer Services, LLC is a foreign limited liability company doing business at all relevant times in Florida that may be served with process by serving its registered agent for service of process, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525, USA, which service is hereby requested.

### IV.  FACTUAL BACKGROUND

*Plaintiff's Request For Consumer Disclosure*

9. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

10. On or about August 2025, Plaintiff requested a copy of his consumer credit disclosure from Equifax online at annualcreditreport.com.

11. To no avail, he was unable to get a copy of his report online after multiple attempts, so Plaintiff requested a copy of his consumer credit disclosure by mail using the Annual Credit Report Request Form ("ACR Form") via certified mail tracking number: 95890710527029846558884, see Exhibit 1.

12. USPS tracking confirmed that Equifax received Plaintiff's request by mail on or about August 24, 2025.

13. Pursuant to 15 U.S.C. § 1618g(a), upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

14. Equifax never provided any copy, electronic or physical, of Plaintiff's Consumer Disclosure ("Equifax Disclosure") to him.

15. As of today, Plaintiff still has never received nor has been able to obtain a copy of his Equifax Disclosure.

*Equifax's Failure to Furnish the Required Disclosure*

16. Despite a requirement to disclose all information in the credit file at the time of the request, Equifax refused to give this information to Plaintiff.

17. Despite being required to provide a full and complete disclosure of the information contained within its records, per 15 U.S.C. § 1681g(a), Equifax shifted the burden of disclosure and inquiry away from itself and onto Plaintiff.

18. Without having access to any of the information in Plaintiff's file, Plaintiff is unable to determine if there is inaccurate/ incomplete information that Plaintiff needs to dispute had Plaintiff been given the full file as required by law.

19. On information and belief, Plaintiff has a consumer disclosure with Equifax.

20. On information and belief, the data furnisher reported the full account numbers, complete account information, and complete payment history belonging to its respective accounts to Equifax, and this information was contained within Equifax's file regarding Plaintiff at the time of Plaintiff's request.

21. When Equifax produces and sells reports regarding Plaintiff to third parties, the full account numbers, complete account information, complete payment history, and names of the furnisher are included in its reports.

22. The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

23. Having a duty to disclose all of the information regarding the accounts in Plaintiff's file, Equifax breached its duty by failing to provide a consumer disclosure, as such information is necessary for a consumer to be able to research and evaluate the information contained in their credit file.

24. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

25. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., *Havens Realty Corp. v.Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

26. The lack of access to a consumer disclosure has caused Plaintiff great frustration and emotional distress when trying to understand what is in his credit report and verify it against his own records.

### *Availability of Equifax Consumer Credit Reports*

27. On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

28. Consumers who are unable to receive their disclosure through annualcreditreport.com can request one by mail using the Annual Credit Report Request Form ("ACR Form").

29. According to the ACR Form, it states, "**Your request will be processed within 15 days of receipt and then mailed to you.**"

30. Equifax received Plaintiff's written ACR Form request for a consumer disclosure along with a copy of Plaintiff's driver's license, social security card, and two proofs of Plaintiff's current address as evidenced in Exhibit 1.

31. Despite Plaintiff's prior submission of all required identifying documentation, Equifax subsequently sent Plaintiff a written correspondence requesting the same identification materials that Plaintiff had already provided, see Exhibit 2.

32. By demanding duplicative identification documents already in its possession, Equifax imposed unnecessary and unreasonable barriers to Plaintiff's access to his consumer disclosure and failed to maintain reasonable procedures designed to ensure timely and complete disclosure of information, as required by the Fair Credit Reporting Act.

33. Equifax's negligence has therefore likely affected thousands of consumers, who sent written requests using the ACR Form.

34. Equifax has known of the flaws in its systems, but has done nothing to fix them, despite the large number of consumers affected. *See, e.g., Justin Purdy vs. Equifax Information Services LLC,* case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

35. Equifax's knowing and repeated conduct warrants an award of punitive damages.

36. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by Defendant's desire to avoid costs and increase profits.

37. Plaintiff has a right to a full and complete disclosure of the contents in their file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately pursuant to 15 U.S.C. § 1681j.

38. Equifax's failure to accurately, completely, and clearly disclose the information within its files regarding Plaintiff deprived him of his right.

## V.   EQUIFAX'S VIOLATIONS OF 15 U.S.C. § 1681g

39. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

40. Equifax violated 15 U.S.C. § 1681g(a)(1) by not providing Plaintiff's consumer disclosure therefore, failing to clearly and accurately disclose to Plaintiff, a *Consumer*, all of the information in his file at the time of the request.

41. Equifax willingly and knowingly refused to provide Plaintiff with his Equifax disclosure upon request.

42. Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

43. Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to him, pursuant to 15 U.S.C. § 1681o, for actual damages, plus attorneys' fees and costs.

## VI.  RIGHT TO AMEND

44. These allegations against Defendant are made acknowledging that this complaint is still under Investigation and in Discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Johnny Hunter Jr., respectfully requests that an award be entered in favor of Plaintiff and against Defendants, for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

Respectfully submitted on January 22, 2026:

*/s/ Miranda Jackson*
Miranda Jackson, Esq.
FBN 0098593
Attorney for Plaintiff
Your Good Lawyers
501 N Magnolia Ave
Orlando, FL 32801
(407) 710-0130
civil@yourgoodlawyers.com